IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM E. MONTGOMERY,                       :
            Plaintiff                        :
        v.                                   : Case No. 2:06-cv-182
RICHARD FINK, JOSEPH NICKLEACH,              :
SCOTT ANDREASSI, LARRY CRAWFORD,             :
JIM SCAHILL, DAVID HOGUE,                    :
PATRICIA KIRKPATRICK, and MYRA               :
MILLER,                                      :
            Defendants                       :

Report and Recommendation

Recommendation and Order

        Plaintiff is a pretrial detainee in the Armstrong County
Prison, and filed a complaint against the five members of the
Armstrong County Prison Board.  In September, I ordered plaintiff
to file legible copies of his complaint for service.  Approximately
two months later, plaintiff sent two copies of a pleading styled
"Amendment to Complaint" which adds three defendants, together with
instructions for service on the five original defendants, and a
letter stating that it was beyond his control to supply the number
of copies needed of the complaint.  Screening the new pleading
pursuant to 28 U.S.C.§ 1915A as the only legible complaint, I
recommend that the complaint be dismissed.

Report

        First, the complaint is completely inadequate under
Fed.R.Civ.P. 8.  A plaintiff must submit a short plain statement
of a claim showing an entitlement to relief as to each defendant:
plaintiff cannot merely provide a narrative of his dissatisfactions

and a list of defendants, and leave it up to the court to decide who should respond or be liable for what alleged wrongs.

Plaintiff alleges that he has been a pretrial detainee at the Armstrong County Prison since August 2005, and that he had major back surgery in July 2005, but the prison medical service would not prescribe narcotic pain medication.  Plaintiff does not allege any injury whatsoever as a result of this policy.  Further, plaintiff alleges he is currently being given prescription pain medication, and additionally is taking over the counter pain relievers.  Plaintiff alleges that he takes those pain relievers because he fell in his cell while stepping over a cot placed in his cell for a third inmate, and claims that the prison is overcrowded. Plaintiff alleges that some of the cells at Armstrong County Prison have three inmates in them, one of whom must sleep near the toilet in the cell and risk being splashed by urine.  Plaintiff also complains that the food is cold and the gymnasium is not being used, that the prison does not supply shampoo or deodorant, and that the hair clippers are not sterilized.  Finally, plaintiff complains that the legal library is inadequate and that the process for requesting copies of documents permits prison officials to see what areas of law inmates are researching, and that other inmates have been placed in the RHU for requesting copies of cases prison officials deemed irrelevant.

Under the Eighth Amendment, prison inmates have a constitutional right that prison officials not be deliberately indifferent to their safety or to any other basic human need. <u>See Wilson v. Seiter</u>, 501 U.S. 294, 304 (1991). Pretrial detainees have the additional right under the Due Process Clause of the Fourteenth Amendment not to be confined in conditions that amount to punishment before trial or subject them to genuine privations and hardship over an extended period of time. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535, 542 (1979). This would of course apply to questions of diet and to overcrowding in living quarters. Plaintiff is not, however, guaranteed hot meals or use of particular recreational facilities, and he does not allege that he is either underfed or without access to open spaces or places to exercise. He has not therefore alleged any genuine privation or hardship.

As for overcrowding, double celling or even triple celling is not a constitutional violation in and of itself, and aside from plaintiff's allegations that close proximity to other inmates <u>could</u> permit diseases to spread (an allegation that could equally be made about any institutional arrangement) plaintiff's only allegation of harm is that another inmate in his cell had urine splashed on him. It appears that plaintiff's complaint closely tracks the allegations by the inmate plaintiffs in <u>Hubbard v. Taylor</u>, 399 F.3d 150 (3d Cir.2005), <u>on remand to</u> 2006 WL 2709619 (D.Del. September 20, 2006)(granting summary judgment to prison

officials on claims that sleeping the third pretrial detainee on a thin mattress on the floor of a double cell for up to seven months violated the Due Process Clause) but with the significant difference that no one is alleged to be sleeping on the floor at the Armstrong County Prison. Plaintiff does not allege that he is even the inmate who sleeps on the cot. Plaintiff has no standing to raise the harms, if any, suffered by another inmate. As for plaintiff's allegations that the defendants attempted to make the prison look less crowded during a state inspection, they are irrelevant to any federal claim. A lack of standing also prevents plaintiff from basing a claim on allegations that **other** inmates have been disciplined for requesting irrelevant copy work. A prisoner's right of access to court is protected in a line of cases following Bounds v. Smith, 430 U.S. 817 (1977), which variously describe the right either as flowing from the First Amendment's right to petition for redress of grievances or as an aspect of due process. See Lewis v. Casey, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). A cause of action is stated by alleging that a named defendant interfered with either the plaintiff's defense against a criminal charge or his direct appeal or collateral attack on a criminal conviction, or his habeas corpus petition, or his nonfrivolous attack on conditions of confinement. See 518 U.S. at 353 n.3 and 355. Plaintiff obviously has no lack of ability to file pleadings in support of his attack on his conditions of

4

confinement.  Plaintiff also does not allege that he has suffered any impairment of his ability to defend himself in connection with his pending criminal charges, and if plaintiff is represented by counsel, whether retained or appointed (as would be his right under state and federal law), plaintiff has no additional right to have defendants provide him with legal research facilities.  See Lewis v. Casey, 518 U.S. at 351 (observing that even for purposes of filing civil rights complaints a prison constitutionally "might replace libraries with some minimal access to legal advice and a system of court-provided forms.")

In sum, plaintiff does not satisfactorily allege any unconstitutional conditions, nor that any defendant had a specific role in maintaining these allegedly unconstitutional conditions.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.  Plaintiff is advised that he can also file an amended complaint remedying the defects in his complaint within that time period.


DATE:____13 November 2006____          Keith A. Pesto,
                                       United States Magistrate Judge

Notice by U.S. Mail to:

        William E. Montgomery, 13-995
        Armstrong County Jail
        171 Staleys Court Road
        Kittanning, PA 16201